UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMY LYNN VOSBERG,<br><br>Plaintiff,<br><br>vs.<br><br>LT. KOTALIK, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; CPT. LEE KAUFENBERG, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACTIES; MARY CARPENTER, MEDICAL DIRECTOR AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; MATT TRENHAILE, HOUSING BOSS AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACTIES; AND WARDEN BRENT FLUKE, MDSP WARDEN AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:21-CV-04094-RAL<br><br>1915A SCREENING OPINION AND ORDER FOR DISMISSAL |

Plaintiff Jeremy Lynn Vosberg filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Vosberg leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Doc. 6. Vosberg timely paid his fee on June 17, 2021. Now, this Court will screen Vosberg's complaint under 28 U.S.C. § 1915A.

## I. Factual Allegations of Vosberg's Complaint

In Count I, Vosberg alleges that on November 24, 2020, he was placed into segregation because his roommate had contraband. Doc. 1 at 3. Vosberg's property was taken away from him and he spent seven days "subjected to living conditions significantly harsher than similarly situated inmates." Id. He describes the environment as a "harsh degrading environment" and asserts that Lieutenant Kotalik and Captain Lee Kaufenberg authorized his segregation placement. Id.

In Count II, Vosberg asserts he was seen by a surgeon on December 12, 2018, and the surgeon's "diagnosis" was to remove a lump on Vosberg's forehead. Id. at 4. Vosberg was seen by Physician's Assistants who made the same recommendation. Id. He claims that "Mary Carpenter Medical Director and Warden Brent Fluke are the proximate cause of my damages. Other similarly situated inmates with lumps of this nature have had them removed." Id.

Finally, in Count III, Vosberg raises a violation of the Fourteenth Amendment. Id. at 5. He claims that he was fired from his prison job on November 11, 2020, after he severely injured his back. Id. Vosberg asserts that because he unable to work, he is not able to accrue time off. Id. "The Mike Durfee State Prison allows for inmates that are disabled or unable to work to automatically receive EDC's.[1]" Id. He asserts that failure to treat him similarly will cause him to spend more time in prison. Id. During the time of these alleged violations, Vosberg was an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Id. at 1. Vosberg asks for "nominal, compensatory, and punitive damages" as well as injunctive relief. Id. at 6.

---

[1] Although Vosberg does not explain what an EDC is, it appears he is referencing earned discharge credits.

2

## II. Discussion

### A. Screening and Dismissal Standards

Vosberg proceeds pro se, so this Court is obligated under 28 U.S.C. § 1915A to screen the complaint; in doing so, this Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

3

### B. Analysis

#### 1. Claims against the State of South Dakota

Vosberg sues Defendants in their individual and official capacities. Doc. 1 at 2. These individuals work for the South Dakota Department of Corrections. Id. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Such a suit is the equivalent of suing the State itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-43 (2009). Here, Vosberg seeks monetary damages. Doc. 1 at 6. Vosberg has effectively asserted a claim for money damages against the State of South Dakota. The State of South Dakota has not waived its sovereign immunity. Thus, Vosberg cannot sue Defendants in their official capacities for money damages because they are protected by sovereign immunity. His claims against Defendants in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1). Vosberg's claims against Defendants in their official capacities for injunctive relief remain unless his complaint is otherwise dismissed.

## 2. Eighth Amendment

### a. Conditions of Confinement

Vosberg asserts that the conditions in segregation were "harsh" and "degrading." Doc. 1 at 3. Liberally construing Vosberg alleged facts in his favor, he claims that the conditions of his confinement violate the Eighth Amendment's right to be free from cruel and unusual punishment.

"[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.'" Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prisons need not be "free of discomfort." Cody v. Hillard, 830 F.2d 912, 916 (8th Cir. 1987). To allege an Eighth Amendment conditions of confinement claim, a prisoner must allege facts that show: (1) objectively, the deprivation was sufficiently serious to deprive him of the "minimal civilized measures of life's necessities", or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir.2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981)).

Here, Vosberg claims that he was put into segregation, was "subjected to living conditions significantly harsher than similarly situated inmates," and endured a "harsh" and "degrading" environment. Doc. 1 at 3. Vosberg has not alleged facts to support that the claimed "harsh" and "degrading" environment was depriving him of "minimal civilized measures of life's necessities" or that the conditions of segregation were putting him into a substantial risk of serious harm to his health or safety. Revels, 382 F.3d at 875 (quoting Rhodes, 452 U.S. at 342)). Thus, his conditions of confinement claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

5

### b. Deliberate Indifference to a Serious Medical Need

Vosberg raises a deliberate indifference to a serious medical need claim. Doc. 1 at 4. A "prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. More specifically, a prisoner must allege "(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). Vosberg alleges that a surgeon's diagnosis stated that the lump on his forehead needed to be removed. Doc. 1 at 4. Thus, Vosberg has alleged facts to support that he has a serious medical need.

Next, Vosberg must demonstrate Defendants were deliberately indifferent to that need. To demonstrate deliberate indifference, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Jolly, 205 F.3d at 1096 (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)). "Deliberate

indifference may be manifested . . . by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (citing Estelle, 429 U.S. at 104-05).

The Eighth Circuit has found that under § 1983:

> A supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior. Rather, a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.

Ottman v. City of Independence, Mo., 341 F.3d 751, 761 (8th Cir. 2003) (alteration in original) (citation and internal quotations omitted). "[A] supervisor can act with 'deliberate, reckless indifference' even when he does not act 'knowingly.' " Kahle v. Leonard, 477 F.3d 544, 551-52 (8th Cir. 2007) (quoting Farmer, 511 U.S. at 842). Vosberg asserts that "Mary Carpenter Medical Director and Warden Brent Fluke are the proximate cause of my damages. Other similarly situated inmates with lumps of this nature have had them removed." Doc. 1 at 4. Vosberg does not allege specific facts to support that Carpenter or Fluke were personally involved in denying, delaying, or interfering with the diagnosis but merely asserts that they were the "proximate cause." Further, he has not alleged facts to support that Carpenter or Fluke were liable as supervisors. Merely asserting individuals to be the proximate cause of an alleged violation is not alleging facts that the individuals knew about the alleged denial or that they facilitated, approved or condoned it. Because Vosberg asserts a legal conclusion rather than facts to support his claim, his Eighth Amendment deliberate indifference to serious medical needs is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

7

### 3. Fourteenth Amendment

Finally, Vosberg alleges that Defendants are violating the Fourteenth Amendment's right to equal protection. Doc. 1 at 5. In order to establish an equal protection claim, an inmate must show that he was treated differently from similarly situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008). Here, he claims that he was fired from his prison job for an injury and is not able to receive earned discharge credits even though other inmates who are "disabled or unable to work automatically receive" the credits. Id. But earning discharge credits is not a fundamental right and Vosberg's claims do not allege that the different treatment is based on a suspect classification. His claim that other inmates have had lumps removed fails for the same reason.

Also, Vosberg's allegations do not support a class of one equal protection claim. A "class of one" equal protection claim was recognized by the United States Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000). The Eighth Circuit has applied the "class of one" analysis to a prison setting. Nolan v. Thompson, 521 F.3d 983, 989-90 (8th Cir. 2008). In Nolan, because the plaintiff had not alleged he was a member of a protected class or that his fundamental rights had been violated, the court found he had to show that defendants "systematically and 'intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Id. at 989 (quoting Olech, 528 U.S. at 564). The plaintiff had to "provide a specific and detailed account of the nature of the preferred treatment of the favored class . . . ." Id. at 990 (quoting Jennings v. City of Stillwater, 383 F.3d 1199, 1214-15 (10th Cir. 2004)). Although Vosberg asserts that other inmates that are similarly

8

situated to him are being treated differently, he does not allege facts to show that the treatment was intentional or systematic. Thus, Vosberg's equal protection claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

**III.   Order**

Accordingly, it is

ORDERED that Vosberg's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is finally

ORDERED that Vosberg's motion for appointment of counsel, Doc. 5, is denied as moot.

DATED June 29, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE