UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEREMY LYNN VOSBERG,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LT. KOTALIK, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; CPT. LEE KAUFENBERG, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACTIES; MARY CARPENTER, MEDICAL DIRECTOR AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; MATT TRENHAILE, HOUSING BOSS AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; AND WARDEN BRENT FLUKE, MDSP WARDEN AT MIKE DURFEE STATE PRISON IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>　　　　　　Defendants. | 4:21-CV-04094-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

Plaintiff Jeremy Lynn Vosberg filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Vosberg leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Doc. 6. Vosberg timely paid his fee on June 17, 2021. This Court screened Vosberg's complaint under 28 U.S.C. § 1915A, dismissed it without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and dismissed Vosberg's motion for appointment of counsel as moot. Doc. 7. Judgment was entered against Vosberg on June 29, 2021. Doc. 8. Vosberg now files a motion to reconsider. Doc. 12.

In his original complaint, Vosberg alleged that the conditions of his confinement violated his Eighth Amendment right to be free from cruel and unusual punishment, that Defendants were deliberately indifferent to his serious medical needs, and that Defendants violated his Fourteenth Amendment right to equal protection. Doc. 7 at 5-9. On his first claim, this Court found that Vosberg failed to allege facts sufficient "to support that the claimed 'harsh' and 'degrading' environment was depriving him of 'minimal civilized measures of life's necessities' or that the conditions of segregation were putting him into a substantial risk of serious harm to his health or safety." Id. at 5 (quoting Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004)). On his second claim, Vosberg demonstrated that he had a serious medical need, but not that Defendants were deliberately indifferent to that need. Id. at 6-7. As to his third claim, Vosberg did not claim the violation of a fundamental right, nor did he claim that his treatment was sufficiently intentional and systematic to support a "class of one" equal protection claim. Id. at 8-9.

Vosberg does not specify under which Federal Rules of Civil Procedure he has filed a motion to reconsider. See Doc. 12. This Court construes Vosberg as moving to reconsider under Rules 52(b), 59(e), or 60(b). Motions under Rules 52(b) and 59(e) have a deadline of twenty-eight days after the entry of judgment. Fed.R.Civ.P. 52(b), 59(e). This deadline expired on July 27, 2021. Under Rule 6(b)(2), this Court cannot extend the deadline for 52(b) or 59(e) motions. Fed.R.Civ.P. 6(b)(2); see also Doc. 11 (denying Vosberg's motion to extend deadline to reconsider). Thus, Vosberg can only move this Court for relief from a judgment or order under Rule 60(b).

In his motion to reconsider, Vosberg includes additional allegations as to his conditions of confinement, the deliberate indifference of certain defendants, and his disabilities and their pertinence to his Fourteenth Amendment claim. Doc. 12 at 1-2. While the additional alleged

2

facts may further support his initial lawsuit, they do not justify Rule 60(b) relief. Vosberg alleges no facts suggesting that these additional allegations are newly discovered evidence as required by Rule 60(b)(3), and he makes no showing of the procedural flaws, neglect, or intentional misconduct contemplated by Rule 60(b)(1) or 60(b)(3)-(5). See id.

Rule 60(b)(6) allows the Court to grant relief from judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) relief is only appropriate in " 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' " Buck v. Davis, 137 S. Ct. 759, 778 (2017) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)).

Here, Vosberg cannot show extraordinary circumstances under Buck. The risk of injustice to Vosberg is limited because Vosberg can bring another lawsuit under § 1983 that includes the additional facts alleged in his motion to reconsider. There is nothing to the judgment that suggests a possibility of undermining public confidence. Thus, Rule 60(b)(6) relief is not appropriate.

Accordingly, it is

ORDERED that Vosberg's motion to reconsider, Doc. 12, is denied.

DATED September 30th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

3